*982 MEMORANDUM *
Cindy O’Quinn was convicted following a jury trial on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). After her conviction, but before sentencing, she learned that the government had evidence that she thought should have been disclosed to her. She filed a motion to dismiss the indictment or for a new trial, asserting that the newly discovered evidence was exculpatory. The district court denied the motion, and O’Quinn now appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
The district court did not err or abuse its discretion in denying O’Quinn’s motion to dismiss the indictment or for a new trial.[1] See United States v. George, 420 F.3d 991, 1000 (9th Cir.2005) (“This court reviews a denial of a motion for new trial based upon newly discovered evidence for an abuse of discretion.”); United States v. Holler, 411 F.3d 1061, 1065 (9th Cir.2005) (“A claim that the indictment should be dismissed because the government’s conduct was so outrageous as to violate due process is reviewed de novo.”); United States v. Antonakeas, 255 F.3d 714, 725 (9th Cir.2001) (“A district court’s denial of a new trial motion based on alleged Brady [ v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) ] violations is reviewed de novo.”).
The district court properly denied O’Quinris new trial motion because the state grand jury testimony of Matthew Shay was “merely impeaching,” George, 420 F.3d at 1000, and in light of the other evidence any error would be harmless. The failure to produce the transcript did not constitute a Brady violation because the “evidentiary suppression” does not “ ‘undermine[ ] confidence in the outcome of the trial.’ ” Kyles v. Whitley, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (quoting United States v. Bagley, 473 U.S. 667, 678, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)). The video evidence presented by the government showed that a person in the back seat of the undercover vehicle, not Rayford Terrell, handed the gun to Shay, and other evidence indicated that O’Quinn was involved in the firearm sale. Finally, O’Quinn has made no allegations and pointed to no evidence to support a claim that the government’s conduct was “ ‘so grossly shocking and so outrageous as to violate the universal sense of justice.’ ” Holler, 411 F.3d at 1066 (quoting United States v. Barrera-Moreno, 951 F.2d 1089, 1092 (9th Cir.1991)).
The judgment of the district court is
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Because the parties are familiar with the factual and procedural background, we do not recite it here, except as necessary to aid in understanding this disposition.